STACEY M. LEYTON (SBN: 203827)
Email: sleyton@altber.com
ANDREW KUSHNER (SBN: 316035)
Email: akushner@altber.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Attorneys for Proposed Intervenor
International Brotherhood of Teamsters

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA TRUCKING ASSOCIATION, RAVINDER SINGH, and THOMAS ODOM,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as the Attorney General of the State of California; ANDRE SCHOORL, in his official capacity as the Acting Director of the Department of Industrial Relations of the State of California; and JULIE A. SU, in her official capacity as Labor Commissioner of the State of California, Division of Labor Standards Enforcement,<br><br>Defendants. | Case No. 3:18-cv-02458-BEN-BLM<br><br>**DECLARATION OF BRADLEY RAYMOND IN SUPPORT OF MOTION TO INTERVENE**<br><br>Hearing Date: January 14, 2019<br>Time: 10:30am<br>Judge: Honorable Roger T. Benitez |

I, Bradley Raymond, do hereby declare:

1. The facts set forth herein are of my own personal knowledge, and if called to testify thereto, I could and would do so under oath.

2. I am the General Counsel of the International Brotherhood of Teamsters ("IBT"). I have held this position since 2006.

3. IBT is a labor organization, founded in 1903, with approximately 1.3 million members throughout North America. IBT's mission is to organize and educate

RAYMOND DECL. ISO MOTION TO INTERVENE; 3:18-cv-02458-BEN-BLM

workers to achieve a higher standard of living, including higher wages and better working conditions. Among IBT's 1.3 million members are around 260,000 members in California who work in various occupations, including as freight drivers, bus drivers, parcel delivery drivers, solid waste and recycling drivers, newspaper drivers, local and interstate delivery and distribution drivers, and drayage drivers at California's seaports.

4. In *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th 903 (2018) ("*Dynamex*"), the California Supreme Court interpreted IWC Order No. 9-2001 to permit an employer to classify a worker as an independent contractor

> only if the hiring entity establishes: (A) that the worker is free from the control and direction of the hirer in connection with the performance of the work, both under the contract for the performance of such work and in fact; (B) that the worker performs work that is outside the usual course of the hiring entity's business; and (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed for the hiring entity.

*Dynamex*, 4 Cal.5th at 916-17.

5. If the *Dynamex* standard were invalidated or weakened, it would harm IBT and its members. The IBT has long fought against the misclassification of workers as independent contractors, and among its members are many workers who were previously misclassified. The IBT has specifically helped many drayage drivers at California seaports challenge their classification as independent contractors. As a result of the IBT's efforts, many of those drivers were reclassified as employees and then became members of the IBT.

6. Many of the IBT's members prefer to work as employees rather than as independent contractors. According to the Plaintiffs' complaint in this case, the *Dynamex* standard makes it more difficult to classify workers as independent contractors for purposes of the Industrial Welfare Commission Wage Orders ("Wage Orders"). *See* Dkt. 1 at ¶36. Under Plaintiffs' theory, were the *Dynamex* standard invalidated or weakened, IBT's members would have fewer job opportunities because it would be easier for companies to classify their workers as independent contractors.

7. The *Dynamex* standard is also simpler than the standard from *Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal.3d 341 (1989), which the business in *Dynamex* argued should be the exclusive test for employee status under the Wage Orders. 4 Cal.5th at 943. The *Borello* standard involved numerous factors, none of which was dispositive. 48 Cal.3d at 351 ("the individual factors cannot be applied mechanically as separate tests; they are intertwined and their weight depends often on particular combinations"). *Dynamex*'s declaration of a simple three-factor test to determine whether a worker is subject to the Wage Orders helps IBT by clearly apprising businesses of their obligations, and workers of their rights, under the Wage Orders.

8. The entities that employ IBT members face significant competition from companies that classify their workers as independent contractors for purposes of the Wage Orders. Because these companies do not have to comply with the Wage Orders' requirements for minimum wages, overtime pay, and meal and rest breaks, they have lower labor costs, which allows them to frequently underbid the entities that employ IBT members for specific jobs and assignments. If, as Plaintiffs allege, the *Dynamex* standard makes it more difficult to classify workers as independent contractors, then *Dynamex* helps level the playing field by reducing the economic advantage that these competitors have over the companies that employ IBT members.

9. The IBT and its local union affiliates seek to obtain collective bargaining agreements ("CBAs") that require employers to pay workers fair wages and benefits. The *Dynamex* standard makes it easier to obtain good wages and benefits through collective bargaining because it makes it more difficult for businesses to evade the requirements of the Wage Orders by classifying their workers as independent contractors based on an erroneous interpretation of the *Borello* factors. This helps ensure that the Wage Orders set a floor that other businesses cannot undercut. Were *Dynamex* to be invalidated, it would be more difficult for the IBT and its affiliates to negotiate fair wages and benefits for IBT members.

1  I declare under penalty of perjury under the laws of the United States that the
2  foregoing is true and correct.
3  Executed in Washington, D.C. on  /2/6/18                .

   /s/ Bh