STACEY M. LEYTON (SBN 203827)
Email: sleyton@altber.com
ANDREW KUSHNER (SBN 316035)
Email: akushner@altber.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Attorneys for Proposed Intervenor
International Brotherhood of Teamsters

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA TRUCKING ASSOCIATION, RAVINDER SINGH, and THOMAS ODOM,<br><br>        Plaintiffs,<br><br>        v.<br><br>XAVIER BECERRA, in his official capacity as the Attorney General of the State of California; ANDRE SCHOORL, in his official capacity as the Acting Director of the Department of Industrial Relations of the State of California; and JULIE A. SU, in her official capacity as Labor Commissioner of the State of California, Division of Labor Standards Enforcement,<br><br>        Defendants. | Case No. 3:18-cv-02458-BEN-BLM<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE**<br><br>Hearing Date: January 14, 2019<br>Time: 10:30am<br>Judge: Honorable Roger T. Benitez |

# REPLY MEMORANDUM

Plaintiffs' opposition to International Brotherhood of Teamsters' ("IBT") Motion for Leave to Intervene all but concedes that Ninth Circuit authority requires that intervention be granted. Plaintiffs ignore the controlling authority cited in IBT's motion and offer no serious argument regarding *any* of the prongs of the intervention test. Rather than meaningfully address the relevant standard or discuss the case law governing intervention, Plaintiffs instead use their opposition primarily to make assertions about the merits of their claims that are irrelevant to IBT's motion. *See generally* Dkt. 15 (hereinafter "Opp."). IBT's motion, which Defendants do not oppose (Dkt. 14), should be granted.

## I.  The IBT Is Entitled to Intervene of Right

Plaintiffs do not dispute that IBT's motion to intervene is timely, and that an adverse decision would, as a practical matter, impair or impede IBT's interests. Plaintiffs argue that IBT lacks a protectable interest in this case and that the existing Defendants will adequately represent IBT's interests. They are wrong on both counts.

### A.  The IBT Has a Protectable Interest in this Case

Plaintiffs apparently contend that because the IBT is wrong on the merits it lacks a protectable interest in this case. Opp. at 4-5 (arguing that vindication of "[t]he Teamsters' supposed 'interest' in this action" would "frustrate[] Congress' intent in deregulating the trucking industry and unlawfully restrict[] interstate commerce"). However, whether a party is correct on the merits of the case is not relevant to whether the party has a right to intervene. *See* Dkt. 11-1 at 6 (hereinafter "Mot.") (quoting four-part test for intervention, which does not consider merits of case).[1]

---

[1] Further, Plaintiffs' representations about the merits are false and/or misleading. In *California Trucking Association v. Su* (Opp. at 3 n.2), the Ninth Circuit expressly declined to reach the question whether the Federal Aviation Administration Authorization Act ("FAAAA") would preempt use of the test announced in *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal.5th 903 (2018), to enforce California's employment laws, because the issue was not

Rather, the relevant question is whether IBT has shown a concrete interest in the outcome of the case. Plaintiffs do not dispute that, under the facts they allege, the rule announced in *Dynamex* would directly benefit IBT's members by making it more difficult to misclassify workers as independent contractors, providing IBT's members with more job opportunities, and leveling the playing field between businesses that employ IBT's members and those that classify their workers as independent contractors. *See* Mot. at 7-8.[2]

Nor can Plaintiffs dispute the directly on-point precedent establishing that labor organizations have concrete interests in defending laws designed to protect the workers they represent. *See, e.g.*, *Western States Trucking Ass'n v. Schoorl*, 2018 WL 5920148, at *2 (E.D. Cal. Nov. 13, 2018) (holding IBT has protectable interest in defending *Dynamex* rule against FAAAA preemption and dormant Commerce Clause challenge by trucking association); *Allied Concrete and Supply Co. v. Baker*, 904 F.3d 1053, 1067-68 (9th Cir. 2018) (holding IBT has protectable interest in defending prevailing wage law against FAAAA preemption challenge and other claims); *see also* Mot. at 7 (citing additional cases).

---

presented in that case. 903 F.3d 953, 965 n.9 (9th Cir. 2018). And neither *Dynamex* nor Wage Order No. 9 requires out-of-state motor carriers to transfer goods to California drivers at the state's border. *See* Opp. at 5 n.3. Rather, the law requires only that the working conditions of any driver in California comply with the Wage Order by payment of a minimum wage, provision of meal and rest breaks, and reimbursement of costs incurred in operating the driver's truck. *See* Industrial Welfare Commission Wage Order 9-2001, Cal. Code Regs., tit. 8, §11090.

[2] Plaintiffs' assertion that IBT "do[es] not dispute that *Dynamex* will result in all independent contractor drivers being reclassified as employees," Opp. at 4, is inaccurate. IBT's motion stated merely that "*Plaintiffs allege* that *Dynamex* will result in all independent contractor drivers in the trucking industry being reclassified as employees." Mot. at 4 (emphasis added). Similarly, the IBT press release quoted in Plaintiffs' opposition demonstrates opposition not to "independent contractors" *per se* (Opp. at 2 n.1), but to employers that "misclassify their employees as independent contractors." *California Teamsters Support Clear Test of Employee Classification*, Aug. 15, 2018, https://teamster.org/news/2018/08/teamsters-push-back-corporate-opposition-supreme-courts-landmark-dynamex-decision.

### B. The Existing Parties May Not Adequately Represent the IBT's Interests

Plaintiffs' argument that the existing parties will adequately represent IBT's interests is similarly foreclosed by Ninth Circuit precedent, which specifically holds that a labor union satisfies the inadequacy requirement where, as here, it intervenes in a lawsuit filed against California public officials to invalidate a state law that protects union members' employment interests. *See* Mot. at 10 (quoting *Allied Concrete*, 904 F.3d at 1068 ("IBT's interests are potentially more narrow than the public's at large, and the State's representation of those interests '*may have been* inadequate.'" (emphasis in original); *Californians For Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1189-90 (9th Cir. 1998) (holding IBT entitled to intervene as of right where "the employment interests of IBT's members were potentially more narrow and parochial than the interests of the public at large," so "IBT demonstrated that the representation of its interests by named defendants-appellees may have been inadequate"); and other cases).

In *Western States Trucking Association*, a case that (like this one) involved a trucking association's FAAAA and dormant Commerce Clause challenge to *Dynamex* and Wage Order No. 9, Judge England held that these Ninth Circuit decisions are "dispositive" on the question whether IBT had met the inadequacy prong of the intervention test. *See* 2018 WL 5920148, at *2. Plaintiffs simply ignore this authority, and point to nothing that justifies a different result here.[3]

---

[3] Plaintiffs also misstate the relevant standard. IBT need not demonstrate that intervention is "necessary" to protect its interests. Opp. at 5. Rather, the inadequacy requirement "is satisfied if the applicant shows that representation of his interest '*may be*' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (emphasis added). Accordingly, inadequacy does not require IBT to show that the "existing defendants will not vigorously oppose the relief sought by Plaintiffs," or that IBT is "better suited" than the existing Defendants to defend the *Dyamex* rule. Opp. at 5-6.

Plaintiffs are also wrong in arguing that IBT cannot intervene as of right because this case involves "a question of law." Opp. at 5-6. Whether Plaintiffs' claims turn on legal determinations is irrelevant to the question whether the existing parties will adequately represent IBT interests, which is controlled by the case law cited above.[4]

## II. Alternatively, Permissive Intervention Should be Granted

Plaintiffs do not dispute that IBT satisfies the threshold requirement for permissive intervention: that the proposed intervenor have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Instead, they wrongly contend that IBT's intervention will delay the adjudication of this case because IBT will "present arguments for the Court's consideration." Opp. at 6. But the Ninth Circuit has made clear that the potential need to address additional argument or evidence is not a basis for denying permissive intervention. *See Empl. Staffing Servs., Inc. v. Aubry*, 20 F.3d 1038, 1042 (9th Cir. 1994) (upholding grant of permissive intervention where "the Union added no claims or issues to those already in the case, and did not complicate or delay resolution beyond the need of plaintiffs to respond to additional briefing"). Accordingly, permissive intervention should be granted if IBT is not allowed to intervene as of right.

---

[4] In any event, this case will not necessarily turn on purely legal questions. If this Court does not grant Defendants' motion to dismiss (Dkt. 16), evidence regarding the impact of *Dynamex* may be relevant. The FAAAA preempts state laws that have a "'*significant* impact' on carrier rates, routes, or services," but does not disturb laws with only a "tenuous, remote, or peripheral" effect. *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 375 (2008) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 390 (1992)) (emphasis in original). And the dormant Commerce Clause invalidates laws that do not discriminate against out-of-state entities only if "the burden imposed on [interstate] commerce is clearly excessive in relation to the putative local benefits." *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970). Both tests may in some circumstances contemplate the introduction of evidence bearing on the real-world effects of a challenged law, and it would be unfair to permit transportation businesses to introduce evidence on these issues while denying affected workers the same opportunity. *See* Mot. at 12.

# CONCLUSION

For the reasons stated, the Court should grant IBT leave to intervene as a defendant.

Dated:  January 7, 2019

Respectfully submitted,

STACEY M. LEYTON
ANDREW KUSHNER
Altshuler Berzon LLP

By:  */s/ Stacey M. Leyton*
    Stacey M. Leyton

Attorneys for Proposed Intervenor
International Brotherhood of
Teamsters