

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| California Trucking Association, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Attorney General Xavier Becerra, et al.,<br><br>Defendants. | Case No.: 3:18-cv-02458-BEN-BLM<br><br>**ORDER:**<br>**(1) GRANTING MOTION TO INTERVENE, [Doc. 11];**<br>**(2) DENYING AS MOOT MOTION FOR LEAVE TO FILE, [Doc. 18]; and**<br>**(3) DENYING AS MOOT EX PARTE MOTION TO SHORTEN TIME, [Doc. 19].** |

International Brotherhood of Teamsters moves for leave to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) and in the alternative, for permissive intervention under Rule 24(b). [Doc. 11.] For the following reasons, the motion is **GRANTED**, and IBT's Motions for Leave and to Shorten Time, [Docs. 18, 19], are **DENIED as moot**.

## I. BACKGROUND

Plaintiffs California Trucking Association, Ravinder Singh, and Thomas Odom filed suit on October 25, 2018, to challenge the constitutionality of Industrial Commission Wage Order No. 9, as interpreted by the California Supreme Court in *Dynamex Operations West, Inc. v. Superior Court*, 232 Cal. Rptr. 3d 1 (Cal. 2018). [Doc. 1.] Wage Order 9 establishes minimum wage, overtime, and other basic labor standards protections for employees in the transportation industry, including International Brotherhood of Teamsters' ("IBT")

1

members. Plaintiffs' lawsuit contends the *Dynamex* standard for determining whether a worker in the transportation industry is an employee or independent contractor for purposes of California Wage Orders is preempted by the Federal Aviation Administration Authorization Act and violates the Commerce Clause of the United States Constitution. [Doc. 1, p. 4.]

The IBT now moves to intervene in Plaintiffs' lawsuit as a matter of right under Federal Rule of Civil Procedure 24(a)(2). Specifically, IBT seeks to intervene to defend against Plaintiffs' claims, which attack the constitutionality of Wage Order 9. In the alternative, IBT seeks permissive intervention under Rule 24(b). Plaintiffs oppose IBT's motion. [Doc. 15.] The three Defendant California officials (the Attorney General, the Acting Director of the California Department of Industrial Relations, and the Labor Commissioner) do not oppose. [Doc. 14.]

## II. REQUIREMENTS FOR INTERVENTION, RULE 24(a)

For intervention as of right under Federal Rule of Civil Procedure 24(a), the proposed intervenor must satisfy four requirements:

(1) the motion must be timely;
(2) the applicant must claim a "significantly protectable interest" in the action;
(3) the disposition of the action must as a practical matter impair or impede the applicant's ability to protect that interest; and
(4) the applicant's interest may be inadequately represented by the other parties.

*Allied Concrete and Supply Co. v. Baker*, 904 F.3d 1053, 1067 (9th Cir. 2018). In evaluating whether Rule 24(a)(2)'s requirements are met, the Court should follow "practical and equitable considerations" and construe the Rule "broadly in favor of proposed intervenors." *United States v. City of Los Angeles,* 288 F.3d 391, 397 (9th Cir. 2002). Courts do so because "[a] liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." *City of Los Angeles,* 288 F.3d at 397-98. The Court considers each Rule 24(a) requirement in turn.

**1. Timeliness**

As to the first requirement, the Court finds IBT's motion to intervene is timely. Three factors are considered: (1) the stage of the proceeding at which intervention is sought; (2) any prejudice to existing parties; and (3) the reason for and length of any delay. *United States v. Oregon*, 913 F.2d 576, 588-89 (9th Cir. 1990). Here, IBT sought to intervene at the very outset of litigation before any responsive pleading had been filed. The Rule 26(f) conference had not occurred, discovery had not commenced, and the Court has not ruled on any substantive issues. No existing parties contend the timing of IBT's motion will result in prejudice. Accordingly, this requirement is satisfied. *See, e.g., Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (motion to intervene deemed timely because it was filed before any proceedings had taken place with no party prejudice because no substantive rulings were yet made).

**2. Significantly Protectable Interest**

Second, IBT must demonstrate a "significantly protectable interest" in the case, a requirement that should be construed expansively. *See Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 132-36 (1967). Under the liberal policy favoring intervention, an intervenor's interest is "significantly protectable" under the Ninth Circuit's test when it "is protectable under some law, and . . . there is a relationship between the legally protected interest and the claims at issue," such that the intervenor may "suffer a practical impairment of its interests as a result of the pending litigation." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc).

IBT argues its interest in the present case is significantly protectable because it represents the very workers who are protected by Wage Order 9's minimum wage, overtime, and other employment safeguards, as interpreted by *Dynamex*.[1] Indeed, IBT has

---

[1] IBT represents roughly 260,000 members in California who work in various professions, including as freight drivers, bus drivers, parcel delivery drivers, solid waste

3

1  challenged numerous companies' misclassifications of employees as independent
2  contractors over the years. If Plaintiffs successfully narrow Wage Order 9's coverage, IBT
3  argues, its members who want to work as employees rather than independent contractors
4  will lose job opportunities they would otherwise be entitled to under *Dynamex*.

5  Plaintiffs respond that IBT's alleged "interest" is only to safeguard *Dynamex*, despite
6  that decision's "frustration [of] Congress's intent in deregulating the trucking industry and
7  unlawfully restrict[ing] interstate commerce." [Doc. 15, p. 5-6.] Plaintiffs' argument is
8  not persuasive. Rather than disputing IBT's alleged interest in the lawsuit, Plaintiffs
9  merely argue the merits of the underlying claims IBT seeks to defend against. Moreover,
10 the Ninth Circuit has recognized labor organizations like IBT have "significantly
11 protectable interests," justifying their intervention when businesses challenge the validity
12 of laws promoting labor standards for the labor organizations' members.

13 For example, in *Californians for a Safe and Competitive Dump Truck
14 Transportation v. Mendonca*, 152 F.3d 1184 (9th Cir. 1998), the Court considered IBT's
15 intervention to protect its members' interests in receiving appropriate wages. The Ninth
16 Circuit found IBT could intervene as of right because of IBT members' "significant interest
17 in receiving a prevailing wage for their services." *Id.* at 1190; *see also Allied Concrete*,
18 904 F.3d at 1067-68 (reiterating that IBT members had a significant interest in case
19 challenging the applicability of prevailing wage laws to delivery drivers of concrete).
20 Moreover, like the present case, the Eastern District of California recognized IBT has the
21 "requisite protectable interest" in Wage Order 9, as interpreted by *Dynamex*, "because the
22 misclassification of transportation workers as independent contractors would affect the
23 wages and job opportunities of IBT members." *Western States Trucking Ass'n v. Schoorl*,
24 2018 WL 5920148, at *2 (E.D. Cal. Nov. 13, 2018). For the same reasons, the Court finds
25 IBT satisfies the second requirement.

---

28 and recycling drivers, newspaper drivers, local and interstate delivery and distribution drivers, and drayage drivers at California seaports.

4

### 3. Practical Impairment of Interest

As to the related third requirement, whether denying intervention "will result in practical impairment" for IBT's interests, the Ninth Circuit's decisions in *Allied Concrete* and *Mendonca* are determinative. In both cases, the Court found the inquiry satisfied because invalidation of the wage law being challenged would impair IBT and its members' interests. *Allied Concrete*, 904 F.3d at 1068; *Mendonca*, 152 F.3d at 1190. Likewise, here, IBT argues that an adverse finding invalidating *Dynamex*'s standard for interpreting Wage Order 9 "would impair . . . [IBT's] efforts to fight misclassification and to ensure that its members' employers are not underbid by competitors that save costs by misclassifying their drivers as independent contractors." [Doc. 11-1, p. 13.] Indeed, as in *Allied Concrete* and *Mendonca*, whether IBT's interest is impaired turns on whether the law is or is not invalidated. *Allied Concrete*, 904 F.3d at 1068; *Mendonca*, 152 F.3d at 1190. Thus, this requirement is also satisfied here.

### 4. Adequate Representation

Finally, the fourth requirement asks whether the intervenor's interest is inadequately represented by existing parties. The burden of this requirement "should be treated as *minimal*" and is satisfied by showing only that "representation of [the intervenor's] interest '*may be*' inadequate." *Trbovich v. United Mine Workers*, 404 U.S. 528, 539 n. 10 (1972) (emphasis added). Moreover, it is not the *quality* of the existing parties' representation that matters, but instead, whether the existing parties will "undoubtedly make all of the intervenor's arguments" and whether the intervenor "offers a necessary element to the proceedings that would be neglected." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

Courts routinely grant labor unions leave to intervene in lawsuits filed against California public officials to invalidate state laws protecting the union members' employment interests. For such cases, courts recognize that the interests of the labor intervenors in protecting their members are more "narrow" and "parochial" than California State officials' broad and more abstract interest in defending the laws of the State. *See,*

5

*e.g., Allied Concrete and Supply Co. v. Baker*, 904 F.3d 1053 (9th Cir. 2018) ("IBT's interests are potentially more narrow than the public's at large, and the State's representation of those interests '*may have been* inadequate.") (emphasis in original) (quoting *Mendonca*, 152 F.3d at 1190); *Air Conditioning Trade Ass'n v. Baker*, 2012 WL 3205422, at *5 (E.D. Cal. July 31, 2012) (granting labor organization leave to intervene as of right in contractors' challenge to standards for expansion of state-approved apprenticeship programs based on finding that representation by existing parties was inadequate because "the state defendants have a broader interest than [the union] as the proposed intervenor"); *Golden Gate Rest. Ass'n v. City and County of San Francisco*, 2007 WL 1052820, at *4 (N.D. Cal. Apr. 5, 2007) ("[T]he Unions' members here have a personal interest in the enforcement of the Ordinance" because "the Defendant City and County of San Francisco represents the public generally, including businesses and employers who may claim to be harmed by the passage of the Ordinance.").

Plaintiffs argue the existing State defendants will adequately represent IBT's interests by virtue of defending their own law. The Ninth Circuit's findings in *Mendonca* and *Allied Concrete*, however, are dispositive on this issue and say otherwise. *See Allied Concrete*, 904 F.3d at 168; *Mendonca*, 152 F.3d at 1190. In both cases, the Ninth Circuit considered whether the State defendants "adequately" represented IBT's interests in cases in which plaintiffs challenged state wage laws. And in both cases, the Ninth Circuit found the State defendants' representation of IBT's interests "may have been inadequate," thereby requiring intervention as of right. Specifically, the Ninth Circuit held that "because the employment interests of IBT's members were potentially more narrow and parochial than the interests of the public at large, IBT demonstrated that the representations of its interests by [existing parties] may have been inadequate." *Mendonca*, 152 F.3d at 1190; *see also Allied Concrete*, 904 F.3d at 168 (reversing district court's denial of intervention as of right to IBT for same reasons); *see also Western States Trucking Ass'n v. Schoorl*, 2018 WL 5920148, at *2 (E.D. Cal. Nov. 13, 2018) (in similar lawsuit alleging unconstitutionality of Wage Order 9 against State defendants, finding the Ninth Circuit's

6

decisions dispositive on the "adequacy" requirement, thereby mandating IBT's intervention as of right).

IBT makes the same argument here. As IBT emphasizes, "California officials must represent not only the interests of employees who benefit from the *Dynamex* rule, but also the interests of companies that may oppose the increased regulation of their businesses, and the interests of the general public." [Doc. 11-1, p. 15.] IBT further argues that because "state officials may change their positions over time based on input from other stakeholders or be replaced by officials who do not share the same views," its interests may not be adequately represented where IBT "has a more specific interest in ensuring that companies do not undercut labor standards by misclassifying workers as independent contractors." [*Id.*] IBT contends that because of its legal obligation to represent the interests of its members, "its position is less susceptible to changes." [*Id.*]

Finally, IBT argues that its intimate and detailed knowledge of the trucking industry and the effects of classifying workers as independent contracts "offers a necessary element to the proceedings that would be neglected" without IBT's participation. *Sagebrush Rebellion v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (explaining that the intervenor's expertise and different perspective offered "a necessary element" that would be neglected). For example, IBT points to assertions about the trucking industry in Plaintiffs' Complaint, assertions that IBT argues cannot fairly be left to the State defendants to potentially leave unchallenged. Indeed, IBT's Motion for Leave to File a Memorandum in Support of Defendants' Motion to Dismiss reflects the unique expertise IBT argues is "a necessary element." *See* Doc. 18-1 ("In the proposed . . . brief, the IBT offers unique legal authority not otherwise cited by the parties, . . . identifies an additional reason why plaintiff [] does not have standing to assert its claims," and "presents its analysis from the distinct perspective of the workers who are directly impacted by the [Wage Order's] protections."). Accordingly, IBT has carried its "minimal" burden of showing the State defendants'

representation 'may be' inadequate." Because IBT has satisfied Rule 24(a)(2)'s four requirements, IBT is entitled to intervene as a matter of right.[2]

### III. CONCLUSION

For the previous reasons, IBT's Motion for Leave to Intervene, [Doc. 11,] is **GRANTED**. Because this Order grants IBT leave to intervene, its Motion for Leave to File Memorandum in Support of Defendants' Motion to Dismiss, [Doc. 18], is **DENIED as moot**. The Court will consider IBT's papers, [Doc. 18-2], in support of Defendants' Motion to Dismiss in ruling upon Defendants' motion, [Doc. 19]. Likewise, IBT's *Ex Parte* Motion to Shorten Time for Motion for Leave and to Participate in Hearing, [Doc. 19], is also **DENIED as moot.** As an intervenor, IBT may participate in the hearing.

**IT IS SO ORDERED.**

Date: January 11, 2019

HON. ROGER T. BENITEZ
United States District Judge

---

[2] Because the Court finds IBT may intervene as of right, it need not determine whether intervention is alternatively appropriate under Rule 24(b).

8