UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA TRUCKING ASSOCIATION, et al.,<br><br>                                    Plaintiffs,<br><br>v.<br><br>ATTORNEY GENERAL XAVIER BECERRA, et al.,<br><br>                                    Defendants,<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>                          Intervenor-Defendant. | Case No.:  3:18-cv-02458-BEN-BLM<br><br>**ORDER GRANTING DEFENDANTS' AND INTERVENOR-DEFENDANT'S MOTIONS TO DISMISS**<br>**[Docs. 28, 29]** |

Defendants Xavier Becerra, Andre Schoorl, and Julie Su, as well as Intervenor-Defendant International Brotherhood of Teamsters move to dismiss Plaintiffs' First Amended Complaint in its entirety.  Docs. 28, 29.  For the following reasons, the motions are **GRANTED**.

Plaintiffs California Trucking Association, Ravinder Singh, and Thomas Odom filed suit on October 25, 2018, to challenge the constitutionality of and enjoin enforcement of California's Industrial Commission Wage Order No. 9, as interpreted by the California Supreme Court in *Dynamex Operations West, Inc. v. Superior Court*, 232 Cal. Rptr. 3d 1 (Cal. 2018).  The *Dynamex* Court set forth a new standard, the "ABC test," for determining

whether a worker qualifies as an "employee" for purposes of Wage Order 9.[1]  Doc. 1. Plaintiffs' First Amended Complaint seeks declaratory and injunctive relief, contending that Wage Order 9, as enforced under the *Dynamex* standard, is preempted by the Federal Aviation Administration Authorization Act and the Federal Motor Carrier Safety Act and violates the Commerce Clause of the United States Constitution.  Doc. 25, p. 4.

The Court takes judicial notice of the fact that, on September 18, 2019, Governor Gavin Newsom signed into law Assembly Bill 5 ("AB-5"), which concerns Wage Order 9 and the labor standard set forth in *Dynamex*.  *See Krystal, Inc. v. China United Transport, Inc.*, 2017 WL 6940544, at *3 (C.D. Cal. Apr. 12, 2017) (explaining that under Fed. R. Evid. 201(b)(2), a court may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").  This change in California law, at this time, raises federal questions of mootness and standing, necessitating dismissal of this action without prejudice.

AB-5's effective date of January 1, 2020 raises standing questions related to whether an imminent and concrete injury exists sufficient to confer standing on Plaintiffs.  The new law leaves unclear whether Defendants will enforce the *Dynamex* decision against Plaintiffs before AB-5 takes effect.  *See MedImmune Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (Standing requires the plaintiffs to show a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests, and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.").

Moreover, the passage of AB-5 also raises questions of mootness.  Article III of the United States Constitution confers jurisdiction on federal courts over "cases" and

---

[1] Wage Order 9 establishes minimum wage, overtime, and other basic labor standards protections for employees in the transportation industry.

"controversies." A federal court does not have jurisdiction to hear cases that are neither ripe for review nor "moot." "Mootness is the 'doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir. 1994). Here, the State of California passed a law potentially affecting Wage Order 9 and the test set forth in *Dynamex*, which will not take effect until January 1, 2020. Because of this change in the law, Plaintiffs' lawsuit, as it is currently plead, leaves the Court with "theoretical possibilities," which it is not authorized to decide. *See id.* at 1510 ("Federal courts are not authorized to address such theoretical possibilities.") ("A statutory change . . . is usually enough to render a case moot . . ."). Accordingly, at this time, this action is dismissed without prejudice for lack of standing and for mootness.

For the previous reasons, Defendants' motions to dismiss are **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.[2] Plaintiffs may file an amended complaint within **60 days** of the date of this Order.

**IT IS SO ORDERED.**

Date: September 24, 2019

_____
HON. ROGER T. BENITEZ
United States District Judge

---

[2] The Court makes no findings on the merits of the parties' arguments within their motions to dismiss. Therefore, those arguments may be reasserted.