1   XAVIER BECERRA
    Attorney General of California
2   TAMAR PACHTER
    Supervising Deputy Attorney General
3   JOSE A. ZELIDON-ZEPEDA
    Deputy Attorney General
4   State Bar No. 227108
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 510-3879
6    Fax:  (415) 703-1234
     E-mail:  Jose.ZelidonZepeda@doj.ca.gov
7   *Attorneys for Defendants Attorney General*
    *Xavier Becerra, Acting Director André*
8   *Schoorl, Secretary Julie Su, Labor*
    *Commissioner Lilia García-Brower, and*
9   *Director Patrick Henning, in their official*
    *capacities*

10

IN THE UNITED STATES DISTRICT COURT

11

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13

14

| | |
|---|---|
| 15  **CALIFORNIA TRUCKING ASSOCIATION; ET AL.,** | 3:18-cv-02458-BEN-BLM |
| 16 | **STATE DEFENDANTS' OBJECTIONS TO EVIDENCE** |
| 17     Plaintiff, | **SUPPORTING PLAINTIFFS' MOTION FOR PRELIMINARY** |
| 18     **v.** | **INJUNCTION** |
| 19  **ATTORNEY GENERAL XAVIER BECERRA; ET AL.,** | Date:       December 30, 2019 |
| 20 | Time:       10:30 a.m. |
| 21     Defendants. | Dept:       Courtroom 5A |
| 22 | Judge: The Honorable Roger T. Benitez Trial Date: Not set Action Filed:October 25, 2018 |

23      Plaintiffs submitted four declarations in support of their Motion for

24   Preliminary Injunction.  The State Defendants object to portions of these

25   declarations.

26      Initially, portions of the submitted declarations lack foundation.  Under

27   Federal Rule of Evidence 602, witnesses "may testify to a matter only if evidence is

28   introduced sufficient to support a finding that the witness has personal knowledge

1

State Defs.' Objs. To Evid. Supp. Pls.' Mot. Prelim. Inj.  (3:18-cv-02458-BEN-BLM)

of the matter." *SEC v. Phan*, 500 F.3d 895, 909-910 (9th Cir. 2007) (declaration that "includ[es] facts beyond the declarant's personal knowledge" and provides no indication how the declarant knows the facts to be true is improper).

Additionally, portions of the declarations constitute improper lay opinion. Unless a witness is testifying as an expert, he or she can only testify as to matters that are "rationally based on the witness's perception," and not based on technical or specialized knowledge.  Fed. R. Evid. 701, 702; *U.S. v. Freeman*, 498 F.3d 893, 902 (9th Cir. 2007).  Courts are "not required to accept as an expert opinion the speculation of every lay witness who is willing to venture it."  *Swift v. Southern Ry. Co.*, 307 F.2d 315, 320 (4th Cir. 1962).

The objectionable testimony is specified in the table below.

| Document | Statement | Objection(s) |
|---|---|---|
| ECF No. 54-2 at 5 ¶ 18 (Stefflre Decl.) | "As a practical matter, I expect that many motor carriers will not be able to convert to an employee-only driver model." | Lacks foundation; speculation; improper lay opinion |
| ECF No. 54-2 at 6 ¶ 22 (Stefflre Decl.) | "Safe parking for the large commercial motor vehicles ("CMVs") operated by drivers is not so easy to find in southern California." | Lacks foundation; speculation |
| ECF No. 54-2 at 7 ¶ 26 (Stefflre Decl.) | "It is probable that many mandatory new routings are not feasible for some shipments and those services will be eliminated." | Lacks foundation; speculation |

2

State Defs.' Objs. To Evid. Supp. Pls.' Mot. Prelim. Inj.  (3:18-cv-02458-BEN-BLM)

| | | |
|---|---|---|
| ECF No. 54-2 at 8 ¶ 29 (Stefflre Decl.) | "I have reviewed the Declaration of John Husing, Ph. D. . . . and I agree with the factual basis of his opinion." | Lacks foundation; improper lay opinion |
| ECF No. 54-2 at 8 ¶ 2 (Stefflre Decl.) | "Prong B of the ABC test will have a devastating effect on California's economy; individual owner-operators and the motor carriers employing their services." | Lacks foundation; improper lay opinion |
| ECF No. 54-3 at 5 ¶ 16 (Yadon Decl.) | "Unless AB-5 is enjoined, it must be expected that AB-5 will have a significant impact on the prices, routes, and services offered by motor carriers." | Lacks foundation; speculation; improper lay opinion |
| ECF No. 54-3 at 6 ¶ 19 (Yadon Decl.) | "It is my understanding that, effective January 1, 2020, AB-5 will prohibit motor carriers from engaging independent contractors to transport property.  Consequently, the ABC test impacts 'services' by eliminating one of two primary ways in which these services have been provided." | Lacks foundation; speculation; improper lay opinion |

3

| ECF No. 54-3 at 6 ¶ 20 (Yadon Decl.) | "[T]he ABC test could result in motor carriers abandoning California altogether or to substantially limit their offerings." | Lacks foundation; speculation; improper lay opinion |
|---|---|---|
| ECF No. 54-3 at 6 ¶ 21 (Yadon Decl.) | "[F]ollowing AB-5, it is expected that some motor carriers will cease using independent owner-operators in California and, instead, use only employee drivers, including obtaining just enough equipment and employee drivers to meet the typical demand for its particular type of trucking services." | Lacks foundation; speculation; improper lay opinion |
| ECF No. 54-3 at 8 ¶ 30 (Yadon Decl.) | "The B-to-B [business-to-business] exception appears to contemplate that motor carriers and owner-operators must individually negotiate the rates for services." | Lacks foundation; speculation; improper lay opinion |
| ECF No. 54-3 at 9 ¶ 34 (Yadon Decl.) | The business-to-business requirement that the owner-operator provide services directly to the contracting business "is vague but almost | Lacks foundation; speculation; improper lay opinion |

4

| | | certainly precludes motor carriers from providing many services" | |
|---|---|---|---|
| | ECF No. 54-3 at 10 ¶ 35 (Yadon Decl.) | "These structural changes, together with wholesale elimination of many services, would have similar effects on services, routes, and prices as those discussed above." | Lacks foundation; speculation; improper lay opinion |
| | ECF No. 54-3 at 10 ¶ 36 (Yadon Decl.) | "To the extent that a motor carrier continues contracting with owner-operators, it runs the risk of civil and criminal liability and enforcement by government or private actors, and despite my belief that AB-5 should be preempted because of the harmful effects—both direct and indirect—on interstate commerce." | Lacks foundation; speculation; improper lay opinion |

5

State Defs.' Objs. To Evid. Supp. Pls.' Mot. Prelim. Inj.  (3:18-cv-02458-BEN-BLM)

1   Dated:  December 16, 2019

2   

3   

4   

5   

6   

7   

8   

9   

10   

11   

12   

13   

14   

15   

16   

17   

18   

19   

20   

21   

22   

23   

24   

25   

26   

27   

28   

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General


/s/ *Jose A. Zelidon-Zepeda*
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
*Attorneys for Defendants Attorney*
*General Xavier Becerra, Acting*
*Director André Schoorl, Secretary*
*Julie Su, Labor Commissioner Lilia*
*García-Brower, and Director Patrick*
*Henning, in their official capacities*

SA2018103422
21742275.docx

State Defs.' Objs. To Evid. Supp. Pls.' Mot. Prelim. Inj.  (3:18-cv-02458-BEN-BLM)