1 | MICHAEL N. FEUER, Los Angeles City Attorney (SBN 111529)
Kathleen Kenealy, Chief Assistant City Attorney (SBN 212289)
2 | Michael J. Bostrom, Assistant City Attorney (SBN 211778)
Danielle L. Goldstein, Deputy City Attorney (SBN 257486)
3 | Christopher S. Munsey, Deputy City Attorney (SBN 267061)
OFFICE OF THE LOS ANGELES CITY ATTORNEY
4 | 200 North Spring Street, 14th Floor
Los Angeles, CA 90012
5 | Telephone: (213) 978-1868
Email: danielle.goldstein@lacity.org

Attorneys for Amicus Curiae
OFFICE OF THE LOS ANGELES
CITY ATTORNEY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA TRUCKING ASS'N, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as the Attorney General of the State of California, *et al.*,<br><br>Defendants,<br>and<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Intervenor-Defendant. | Civil Action No. 3:18-cv-2458-BEN<br><br>**MEMORANDUM IN SUPPORT OF THE OFFICE OF THE LOS ANGELES CITY ATTORNEY'S MOTION FOR LEAVE TO SUBMIT BRIEF OF AMICUS CURIAE**<br><br>Date: January 6, 2020<br>Time: 10:30 a.m.<br>Place: Courtroom 5A |

## INTRODUCTION

The Office of the Los Angeles City Attorney (the City Attorney) moves for leave to file the attached amicus brief, originally submitted in opposition to Plaintiffs' Motion for Preliminary Injunction, in connection with Plaintiffs' Motion for Temporary Restraining Order (Dkt. No. 66) in this preemption challenge to the validity of California's Assembly Bill 5 (2019-2020 Reg. Session) (AB5).

On December 23, 2019, the City Attorney filed a Motion for Leave to File its Amicus Curiae Brief opposing Plaintiffs' Motion for a Preliminary Injunction (Dkt. No. 64) in the above-referenced matter. On December 24, 2019, Plaintiffs filed their Motion for Temporary Restraining Order (Dkt. No. 66), referring back to their Motion for Preliminary Injunction, and making many of the same points therein. The City Attorney's proposed amicus brief is equally relevant here.

Accordingly, for the same reasons that the City Attorney requested that the Court consider its amicus brief in connection with Plaintiffs' Preliminary Injunction Motion, it respectfully requests that this Court consider that proposed amicus filing in connection with Plaintiffs' request for a Temporary Restraining Order, as well. Plaintiffs have indicated that they oppose this Motion, but have articulated no legitimate basis to do so.[1] Indeed, the bases for their opposition only underscore that consideration of the City Attorney's submissions is appropriate—and that they are not entitled to any form of preliminary injunctive relief.

## ARGUMENT

District courts have "broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandlin v. Conner*, 515 U.S. 472 (1995). Amici can "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indust.*, 694

---

[1] Defendants and Defendant-Intervenor have indicated that they consent to the Motion.

F.2d 203, 204 (9th Cir. 1982). District courts have discretion to allow participation by amici on "legal issue[s] that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court …'" *Gabriel Techs. Corp. v. Qualcomm Inc.,* No 08CV1992, 2012 WL 849167 at *4 (S.D. Cal. Mar. 13, 2012) (quoting *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1064 (7th Cir. 1997). Amici need not be "totally disinterested." *Korolshteyn v. Costco Wholesale Corp.*, No. 15CV709, 2017 WL 3622226 at *1 (S.D. Cal. Aug. 23, 2017).

The City of Los Angeles is the most populous in the State of California and the second most populous in the nation. It is responsible for maintenance of the health, safety, and welfare of its nearly four million residents. The City Attorney supports the City in this mission and is also authorized to preserve fair competition by challenging unlawful and unfair business practices, including employee misclassification, on behalf of the People of the State of California. *See* Cal. Bus. & Prof. Code § 17204. In the context of such a claim, the City Attorney is currently litigating in the California State courts a preemption challenge identical to the one at issue this matter.[2]

The City Attorney's proposed amicus brief highlights issues that are central to the Plaintiffs' preemption claim and claim of entitlement to equitable relief and on which the City Attorney has particular expertise. First, the City Attorney examines the claim that AB5 prohibits motor carriers from using independent contractors. Under controlling Ninth Circuit precedent, Plaintiffs must overcome at least this threshold hurdle to prevail. They cannot. AB5's business-to-business exception, AB5 § 2(e), plainly permits motor carriers to use independent

---

[2] The cases are *People v. Cal Cartage Trans. Express LLC, et al.*, Case No. BC689320; *People v. CMI Transportation LLC, et al.*, Case No. BC689321; and *People v. K&R Transportation California LLC*, et al., Case No. BC689322 (Cal. Sup. Ct.).

contractors. AB5 does no more than ensure that workers classified as independent contractors truly operate independent businesses. In other words, it does no more than other standards for worker classification that have been routinely upheld by State and federal courts, including the Ninth Circuit.

Second, the City Attorney provides additional detail on the legislative history of the federal law that purportedly preempts AB5, the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501 (the F4A). As the U.S. Supreme Court and the Ninth Circuit have recognized, when it passed the F4A, Congress did not intend to preempt all laws that have some impact on prices, routes, or services. Otherwise, the F4A would preempt all State and local regulation, from zoning to taxes, because anything that increases motor carriers' costs arguably increases prices and affects the desirability of services. The F4A's legislative history provides confirmation—and important guidance on the contours of the scope of preemption. In particular, Congress identified some statutes as outside the scope of preemption. At least one of these statutes is substantively identical to AB5. As a result, the legislative history indicates that Congress did not intend to preempt laws, like AB5, that merely operate to ensure that employees are properly classified.

Finally, the proposed brief addresses federalism and comity concerns associated with the ongoing State litigation and its status, as well as the Plaintiffs' delay in bringing their Motion. Considering the same arguments, including arguments regarding the construction of State law that Plaintiffs raise in this matter, the Court in the State litigation has issued a tentative ruling that AB5 is not preempted by the F4A. Given Plaintiffs' delay in bringing their Motions and the ongoing State litigation, they cannot claim entitlement to immediate injunctive relief.

//

Plaintiffs oppose the Motion on the basis that:

> This is the *third* time the City has sought to provide a submission considered by the Court in this matter. This case has been pending for over a year and the amended complaint alleging claims against AB 5 has been on file since November of this year. It would seem that if the City believes it has such compelling interest in the outcome of this case, it would have sought to intervene long ago, instead of filing numerous briefs in the middle of the holidays and in reliance, in part, on non-final state court musings on AB 5, as well as taking positions which are inconsistent with the State.
>
> Plaintiffs believe the interests of the State in AB 5 are capably represented by the State and Interveners and do not consent to the City's submissions.

Goldstein Decl. Ex. A (Dec. 30, 2019 Email from R. Roginson to D. Goldstein) (emphasis in original).

These objections have no bearing on the City Attorney's submissions; they only highlight the weaknesses of Plaintiffs' requests for injunctive relief. Plaintiffs' primary objection—the timing of submissions and the fact that the submissions have occurred over the holidays—is entirely an issue of their own design. The City Attorney would have much preferred not to make these submissions over the holidays. But, as the proposed amicus brief details, the timing and nature of the City Attorney's submissions has been driven by the fact that Plaintiffs chose not to bring their Motions until months after they could (and should) have—then attempted to unilaterally declare an emergency. *See* Attachment, Proposed Amicus Brief at 13-15.[3]

The suggestion that the City Attorney should have "intervene[d]" in this

---

[3] Similarly, the number of Motions for Leave to File by the City Attorney flows from Plaintiffs' decision to file serial Motions, first for a Preliminary Injunction, and then for a Temporary Restraining Order. To minimize the burdens to the Court and the parties, the City Attorney's briefs are largely (or totally) identical to each other the extent that the papers to which they respond raise the same issues.

matter earlier is likewise misplaced. The City Attorney's submission relates to the business-to-business exemption of AB5, recent developments in City Attorney's litigation regarding AB5 preemption, and Plaintiffs' delay in seeking relief.[4] Plaintiffs' Motion for Preliminary Injunction was the first filing raising these issues on which amicus submissions were appropriate. To the extent that Plaintiffs' objection has any force, it demonstrates Plaintiffs' unnecessary delay in bringing their Motions, which do not focus or turn on recent developments, but could have been brought at the time of Plaintiffs' October 2018 Complaint in this matter.[5] (Dkt. No. 1.)

Plaintiffs also appear to object that the City Attorney's arguments are "inconsistent" with those of the State. While the City Attorney's arguments are not inconsistent with Defendants' arguments, they are, as Plaintiffs seem to concede, different from them. That is a purpose of amicus briefing: to highlight "legal issue[s] that have potential ramifications beyond the parties directly involved" and "'unique information or perspective [possessed by the amicus] that can help the court …'" *Gabriel Techs. Corp. v. Qualcomm Inc.,* No 08CV1992, 2012 WL 849167 at *4 (S.D. Cal. Mar. 13, 2012) (quoting *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1064 (7th Cir. 1997).

Finally, Plaintiffs' dismissive approach to the State court's "musings" on State law—that is, that court's tentative decision—are additional evidence that Plaintiffs do not appreciate the federalism and comity implications of their Motions. *See* Attachment, Proposed Amicus Brief at 13-15. At a minimum, the City

---

[4] It appears that Plaintiffs' objections are geared toward intervention; they largely appear to object on grounds that relevant to an intervention motion, not amicus participation. Fed. R. Civ Proc. 24. The City Attorney has not suggested that it intends to seek to intervene in this matter.

[5] Plaintiffs also suggest that the City Attorney should have made an amicus submission targeting the Amended Complaint. It has—it filed a brief in support of Defendants' and Defendant-Intervenor's Motions to Dismiss. (Dkt. No. 71.) That is the first filing concerning the Amended Complaint on which an amicus submission would have been appropriate.

5

Attorney's submission alerts the Court to the State proceedings; the City Attorney disagrees with Plaintiffs' apparent position that the Court should not be made aware of State court proceedings involving CTA members on identical issues of the interpretation of State law. Nor do Plaintiffs explain why the Court should not receive additional, highly relevant information about the legislative history of the F4A. Attachment, Proposed Amicus Brief at 11-13. One key role for amici is to "draw[] the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indust.*, 694 F.2d 203, 204 (9th Cir. 1982).

Finally, the issue in this case is of great public importance. An estimated 14,000 short haul truckers work at the Ports of Long Beach and Los Angeles alone.[6] As an entity responsible for their health and welfare, and because it is currently litigating these issues before the California State courts, the City brings an important perspective to the issue in this matter. Accordingly, the Court should exercise its discretion to allow the City Attorney to participate as amicus curiae.

## CONCLUSION

For the foregoing reasons, the City respectfully requests that this Court grant leave for it to participate as amicus curiae and submit the attached brief, originally submitted in opposition to Plaintiffs' Motion for Preliminary Injunction, in connection with Plaintiffs' Motion for Temporary Restraining Order.

Respectfully submitted,

Dated: December 30, 2019

OFFICE OF THE LOS ANGELES CITY ATTORNEY

By: */s/ Danielle L. Goldstein*
MICHAEL N. FEUER (SBN 111529)
Los Angeles City Attorney
Kathleen Kenealy (SBN 212289)
Scott Marcus (SBN 184980)
Michael J. Bostrom (SBN 211778)
Danielle L. Goldstein (SBN 257486)

---

[6] B. Watt, *For Truck Drivers at the Pots of Los Angeles and Long Beach, It's a Waiting Game*, KPCC (Jun. 2, 2015).

1  Christopher S. Munsey (SBN 267061)
2  200 North Spring Street, 14th Floor
   Los Angeles, CA 90012
3  Telephone: (213) 978-1868
   Email: danielle.goldstein@lacity.org
4
   *Attorneys for Amicus Curiae*
5  OFFICE OF THE LOS ANGELES CITY
   ATTORNEY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28