1  SPENCER C. SKEEN, CA Bar No. 182216
   spencer.skeen@ogletree.com
2  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
3  4370 La Jolla Village Drive, Suite 990
   San Diego, CA 92122
4  Telephone:  858.652.3100
   Facsimile:   858.652.3101

   *[Additional Counsel on Following Page]*

   Attorneys for Plaintiffs
   RAVINDER SINGH, THOMAS ODOM and
   CALIFORNIA TRUCKING ASSOCIATION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA TRUCKING ASSOCIATION, RAVINDER SINGH, and THOMAS ODOM,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as the Attorney General of the State of California; JULIE SU, in her official capacity as Secretary of the California Labor Workforce and Development Agency; ANDRE SCHOORL, in his official capacity as the Acting Director of the Department of Industrial Relations of the State of California; and LILIA GARCIA-BROWER, in her official capacity as Labor Commissioner of the State of California, Division of Labor Standards Enforcement, PATRICK HENNING, in his official capacity as the Director of the Employment Development Department.<br><br>Defendants. | Case No. 3:18-cv-02458-BEN-BLM<br><br>**PLAINTIFFS' OBJECTIONS TO DECLARATIONS OF DR. MICHAEL BELZER AND DR. STEVE VISCELLI**<br><br>Date:          January 13, 2020<br>Time:         10:30a.m.<br>Place:         Courtroom 5A<br><br>Complaint Filed: October 25, 2018<br>Trial Date:          None<br>District Judge:    Hon. Roger T. Benitez<br>                           Courtroom 5A, 221 W.<br>                           Broadway, San Diego<br>Magistrate Judge: Hon. Barbara L. Major<br>                           11th Floor, 333 W.<br>                           Broadway, San Diego |

ROBERT R. ROGINSON, CA Bar No. 185286
robert.roginson@ogletree.com
ALEXANDER M. CHEMERS, CA Bar No. 263726
alexander.chemers@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

*[Additional Counsel for Plaintiffs
Ravinder Singh, Thomas Odom and
California Trucking Association]*

Plaintiffs California Trucking Association ("CTA"), Ravinder Singh, and Thomas Odom (collectively, "Plaintiffs") hereby object to the declarations of Dr. Michael Belzer (ECF No. 58-1) and Dr. Steve Viscelli (ECF No. 58-2). The declarations were submitted by intervenor-defendant International Brotherhood of Teamsters ("IBT" or the "Teamsters") in opposition to Plaintiffs' Motion for a Preliminary Injunction (ECF No. 54).

I. **GENERAL OBJECTIONS**

In addition to the specific objections set forth below, Plaintiffs generally object that the Belzer and Viscelli reports lack foundation. Both reports are largely premised on a false distinction between "'true' independent owner operators" and "drivers that are more properly considered 'dependent' owner operators." Belzer Report p. 2.[1] These contentions ignore controlling federal and California law and represent improper and unfounded opinions.

Drs. Belzer and Viscelli posit that the only "true" independent contractor owner-operators are those that have their own operating authority under the federal Department of Transportation ("DOT"). This assertion is patently incorrect and ignores decades of federal regulations and court decisions. For general background, Plaintiffs direct the Court to Douglas C. Grawe, *Have Truck, Will Drive: The Trucking Industry and the Use of Independent Owner-Operators Over Time*, 35 Transp. L.J. 115 (2008).[2]

As the Supreme Court has recognized, "[b]ecause of the limiting character of the regulatory system, authorized [motor] carriers have developed a wide practice of using non-owned equipment." *Am. Trucking Ass'ns v. United States*, 344 U.S. 298, 303 (1953). One such method is leasing, which "relates to the use of exempt equipment in authorized operations" where, "[b]y a variety of arrangements, the

---

[1] The Belzer report is found as Exhibit B to Dr. Belzer's declaration, and the Viscelli report is found as Exhibit B to Dr. Viscelli's declaration.

[2] This article was cited in Plaintiffs' moving papers at footnote 7.

authorized carriers hire [owner-operators] to conduct operations under the former's permit or certificate." *Id.*

Although this practice has existed for decades, the Belzer and Viscelli reports contend that any owner-operator without its own DOT authority is actually an employee. For example, the Belzer report posits that a "true independent owner operator has its own federal operating authority . . . ." Belzer Report p. 2. This is in supposed contrast to "dependent owner operators [who] are operating under the operating authority of a motor carrier and are completely supervised by that carrier . . . ." *Id.* According to the Belzer report, "[d]ependent owner operators are essentially indistinguishable from drivers that trucking companies already treat as employees, under any view of the employment relationship." *Id.* He claims the "level of control that motor carriers have over these truck drivers is substantial, so that under any test they would be considered misclassified employees." *Id.* at p. 1.

The Viscelli report likewise contends there is a difference between "true independent owner-operators and lease-operators," with Dr. Viscelli similarly positing that only owner-operators who have their DOT authority are independent contractors. Viscelli Report p. 2. Like Dr. Belzer, Dr. Viscelli suggests that any owner-operators who do not have their own authority are "best understood as employees, under any definition of that term." *Id.*

Thus, the Belzer and Viscelli reports are premised on the supposed "fact" that an owner-operator cannot be an independent contractor unless it has its own operating authority. **This false distinction between "true" independent contractors and "dependent"/"lease" owner-operators is disproven by federal and state regulations and court decisions.**

Federal transportation statutory and case law has long recognized the lawful status of independent owner-operators who lack federal DOT operating authority. *See* Grawe, *Have Truck, Will Drive: The Trucking Industry and the Use of Independent Owner-Operators Over Time*, 35 Transp. L.J. at 133-134. The federal

DOT is responsible for ensuring that motor carriers and independent owner-operators meet the safety requirements set forth by the Federal Motor Carrier Safety Administration, and the control exercised by compliance with these federal safety regulations does not impact the independent contractor status of the driver. Indeed, the federal DOT has promulgated comprehensive regulations governing these relationship, including the federal Truth-In-Leasing ("TIL") Regulations, 49 C.F.R. § 376.11 *et seq.*, which permit and require for safety purposes that owner-operators lease their vehicles to motor carriers under whose authority they will drive.

While the federal regulations require that motor carriers exercise some control over the leased equipment (the owner-operator's vehicle) for safety related reasons, the TIL Regulations specifically recognize that:

> **Nothing in the provisions required by paragraph (c)(1) of this section is intended to affect whether the lessor or driver provided by the lessor is an independent contractor or an employee of the authorized carrier lessee. An independent contractor relationship may exist when a carrier lessee complies with 49 U.S.C. 14102 and attendant administrative requirements.**

49 C.F.R. § 376.12(c)(4) (emphasis added).

California regulations are in accord since the state has adopted, in significant part, the federal TIL Regulations. *See* Cal. Code of Regulations § 1235.7. As under the TIL Regulations, the California regulations recognize that:

> **Nothing in the provisions required by subsection (3) of this section is intended to affect whether the driver provided by the lessor is an independent contractor or an employee of the authorized carrier lessee.**

*Id.* at § 1235.7(d)(1)(C) (emphasis added).

Not only do the federal and state regulations recognize that a "lease" owner-operator can be an independent contractor, California courts and agencies have found that such persons are properly classified as independent contractors under the

traditional multi-factor *Borello* test, and predecessor California tests for employment. Several examples of these decisions are submitted concurrently herewith as Exhibits A through C to Plaintiffs' Request for Judicial Notice.

For example, in *Southern Counties Express, Inc. v. Garcia*, Los Angeles Superior Court, No. NS026531, a judge found that the "Drivers are independent contractors and not employees of" the defendant, even though "Drivers and other independent contractors . . . did so under [defendant's] USDOT operating authority." RJN, Ex. B (Statement of Decision, pp. 25, 33).

Accordingly, the main factual premise of the Belzer and Viscelli reports—that an owner-operator *must* have its own operating authority to be a "true" independent contractor and that all other owner-operators are misclassified—is factually and legally incorrect. The reports, and the resulting attacks on the expert report of John Husing, Ph.D., lack foundation and are not credible.

## II. **SPECIFIC OBJECTIONS**

Plaintiffs also submit the following specific objections to the Belzer and Viscelli reports.

| **Material Objected To** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| Belzer Report, p. 1: "The great majority of the group of drivers that Dr. Husing calls "independent owner operators" actually are "dependent" owner operators locked into long-term contracts with a single motor carrier. The level of control that motor carriers have over | Lacks Foundation; *see* General Objections above. | |

| | Material Objected To | Grounds for Objection | Ruling |
|---|---|---|---|
| | these truck drivers is substantial, so that under any test they would be considered misclassified employees." | | |
| | Belzer Report, p. 2: "The population of what the trucking industry calls "owner operators" is comprised of two very different types of drivers: "true" independent owner operators, and drivers that are more properly considered "dependent" owner operators." | Lacks Foundation; *see* General Objections above. | |
| | Belzer Report, p. 2: "While true independent owner operators have their own operating authority, dependent owner operators are operating under the operating authority of a motor carrier and are completely supervised by that carrier, as the FMCSA requires. Dependent owner operators are essentially | Lacks Foundation; *see* General Objections above. | |

| | **Material Objected To** | **Grounds for Objection** | **Ruling** |
|---|---|---|---|
| | indistinguishable from drivers that trucking companies already treat as employees, under any view of the employment relationship." | | |
| | Belzer Report, p. 2: "Dr. Husing's report discusses owner operators without noting the significant differences between the true independents and dependent owner operators, or that most of the drivers classified as independent contractors are the dependent owner operators that are indistinguishable from drivers classified as employees." | Lacks Foundation; *see* General Objections above. | |
| | Viscelli Report, p. 2: "The differences between true independent owner-operators and lease-operators are stark. The former is a small motor carrier with its own federal authority to operate. The latter does not have an operating | Lacks Foundation; *see* General Objections above. | |

| | **Material Objected To** | **Grounds for Objection** | **Ruling** |
|---|---|---|---|
| | authority, but is instead working under the authority of the contracting motor carrier using a compensation scheme in which the owner operator pays for the expenses of the equipment he or she operates before he or she earns any compensation. In short, lease-operators are best understood as employees, under any definition of that term." | | |

DATED: December 30, 2019     OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s Alexander M. Chemers
    Spencer C. Skeen
    Robert R. Roginson
    Alexander M. Chemers

Attorneys for Plaintiffs
RAVINDER SINGH, THOMAS ODOM and CALIFORNIA TRUCKING ASSOCIATION

41248513.1