SPENCER C. SKEEN, CA Bar No. 182216
spencer.skeen@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA 92122
Telephone:  858.652.3100
Facsimile:   858.652.3101

*[Additional Counsel on Following Page]*

Attorneys for Plaintiffs
RAVINDER SINGH, THOMAS ODOM and
CALIFORNIA TRUCKING ASSOCIATION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA TRUCKING ASSOCIATION, RAVINDER SINGH, and THOMAS ODOM,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>XAVIER BECERRA, in his official capacity as the Attorney General of the State of California; JULIE SU, in her official capacity as Secretary of the California Labor Workforce and Development Agency; ANDRE SCHOORL, in his official capacity as the Acting Director of the Department of Industrial Relations of the State of California; and LILIA GARCIA-BROWER, in her official capacity as Labor Commissioner of the State of California, Division of Labor Standards Enforcement, PATRICK HENNING, in his official capacity as the Director of the Employment Development Department,<br><br>　　　　　Defendants. | Case No. 3:18-cv-02458-BEN-BLM<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date:　　January 6, 2020<br>Time:　　10:30 a.m.<br>Place:　　Courtroom 5A<br><br>Complaint Filed: October 25, 2018<br>Trial Date:　　None<br>District Judge:　Hon. Roger T. Benitez<br>　　　　Courtroom 5A, 221 W. Broadway, San Diego<br>Magistrate Judge: Hon. Barbara L. Major<br>　　　　11th Floor, 333 W. Broadway, San Diego |

41261487_1.docx

Case No. 3:18-cv-02458-BEN-BLM
NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

ROBERT R. ROGINSON, CA Bar No. 185286
robert.roginson@ogletree.com
ALEXANDER M. CHEMERS, CA Bar No. 263726
alexander.chemers@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:  213.239.9800
Facsimile:   213.239.9045

Attorneys for Plaintiffs
RAVINDER SINGH, THOMAS ODOM and
CALIFORNIA TRUCKING ASSOCIATION

41261487_1.docx

Case No. 3:18-cv-02458-BEN-BLM
NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

ROBERT R. ROGINSON, CA Bar No. 185286
robert.roginson@ogletree.com
ALEXANDER M. CHEMERS, CA Bar No. 263726
alexander.chemers@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:  213.239.9800
Facsimile:   213.239.9045

Attorneys for Plaintiffs
RAVINDER SINGH, THOMAS ODOM and
CALIFORNIA TRUCKING ASSOCIATION

41261487_1.docx

Case No. 3:18-cv-02458-BEN-BLM
NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Plaintiffs California Trucking Association ("CTA"), Ravinder Singh, and Thomas Odom (collectively, "Plaintiffs") hereby submit this supplemental authority in support of their *Ex Parte* Application for a Temporary Restraining Order (ECF No. 66).

On December 30, 2019, the Honorable Kimberly J. Mueller, of the Eastern District of California, issued an Order Granting Temporary Restraining Order in *Chamber of Commerce of the United States of America, et al. v. Xavier Becerra, et al.*, No. 2:19-cv-02456-KJM-DB (E.D. Cal. Dec. 30, 2019).

The case concerns California Assembly Bill 51 ("AB-51"), **which is set to become effective January 1, 2020**. AB-51 involves arbitration agreements, including specifically "prohibit[ing] a person from requiring any applicant for employment or any employee to waive any right, forum, or procedure" as to certain California statutes, among other items. AB-51 (Legislative Counsel's Digest). The order is attached to this notice as **Exhibit A**.

DATED: December 30, 2019

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s Alexander M. Chemers
    Spencer C. Skeen
    Robert R. Roginson
    Alexander M. Chemers
Attorneys for Plaintiffs
RAVINDER SINGH, THOMAS ODOM, and CALIFORNIA TRUCKING ASSOCIATION

41261487.1

---

1     Case No. 3:18-cv-02458-BEN-BLM
NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

41261487_1.docx

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, CALIFORNIA CHAMBER OF COMMERCE, NATIONAL RETAIL FEDERATION, CALIFORNIA RETAILERS ASSOCIATION, NATIONAL ASSOCIATION OF SECURITY COMPANIES, HOME CARE ASSOCIATION OF AMERICA, and CALIFORNIA ASSOCIATION FOR HEALTH SERVICES AT HOME,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as the Attorney General of the State of California, LILIA GARCIA BROWER, in her official capacity as the Labor Commissioner of the State of California, JULIE A. SU, in her official capacity as the Secretary of the California Labor and Workforce Development Agency, and KEVIN KISH, in his official capacity as Director of the Department of Fair Employment and Housing of the State of California,<br><br>Defendants. | Case No.  2:19-cv-02456-KJM-DB<br><br>ORDER GRANTING TEMPORARY RESTRAINING ORDER AND SETTING EXPEDITED HEARING ON PRELIMINARY INJUNCTION |

This matter is before the court on plaintiffs' motion for temporary restraining order, seeking to restrain the California law passed as Assembly Bill (AB) 51 from taking effect January 1, 2020. AB 51 prohibits employers from requiring, as a condition of employment, employees' waiver of any right, forum or procedure for a violation of any provision of the California Fair Employment and Housing Act or the Labor Code. *See* Cal. Lab. Code § 432.6. All parties were given notice and the court held a telephonic hearing on December 23, 2019, at which counsel Donald Falk, Archis Parasharami and Bruce Sarchet appeared for plaintiffs, and counsel Chad Stegeman appeared for defendants. Having considered plaintiffs' papers filed in support of their motion for a temporary restraining order, defendants' written opposition thereto, counsel's arguments at the telephonic status and for good cause shown, the court hereby enters the following order:

The court finds that a temporary restraining order is warranted as provided by Federal Rule of Civil Procedure 65 and Civil Local Rule 231. While plaintiffs filed their motion with very little time to spare and could have sought the court's intervention somewhat earlier, the court nevertheless finds plaintiffs have carried their burden, at this early stage on a tightly compressed timeline, by raising serious questions going to the merits and showing that the balance of hardship tips decidedly in their favor. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Plaintiffs also have shown a likelihood of irreparable injury and that a restraining order is in the public interest. *Id.* at 1135 (all four prongs of test articulated in *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008) must be met for "serious questions" to support issuance of preliminary injunctive relief). Specifically, plaintiffs have raised serious questions regarding whether the challenged statute is preempted by the Federal Arbitration Act as construed by the United States Supreme Court. *See Kindred Nursing Centers Ltd. P'ship v. Clark*, 137 S. Ct. 1421 (2017). Plaintiffs' argument that allowing the statute to take effect even briefly, if it is

preempted, will cause disruption in the making of employment contracts also is persuasive and supports the other three *Winter* factors, particularly given the criminal penalties to which violators of the law may be exposed. *See* Cal. Lab. Code § 433 ("Any person violating this article is guilty of a misdemeanor."). The court finds that plaintiffs have no other adequate legal remedy to preserve the status quo for a short period of time until the court can consider their motion for a preliminary injunction on a more well-developed record, with full opposition briefing as well.

Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion for a temporary restraining order is GRANTED.

The court orders as follows:

1. Defendant Xavier Becerra, in his official capacity as the Attorney General of the State of California, Lilia Garcia Brower, in her official capacity as the Labor Commissioner of the State of California, Julia A. Su, in her official capacity as the Secretary of the California Labor and Workforce Development Agency, and Kevin Kish, in his official capacity as Director of the California Department of Fair Employment and Housing are temporarily enjoined from enforcing AB 51, pending this court's resolution of plaintiffs' motion for a preliminary injunction.

2. There is no realistic likelihood of harm to defendants from temporarily enjoining enforcement of AB 51, so no security bond is required.

3. Plaintiffs' motion for a preliminary injunction will be heard on **January 10, 2020 at 10:00 AM.** Defendants have filed their opposition to the motion for a preliminary injunction. Plaintiffs may file any written reply by **January 3, 2020.**

IT IS SO ORDERED.

DATED: December 29, 2019.