UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA TRUCKING ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ATTORNEY GENERAL XAVIER BECERRA, et al.,<br><br>Defendants,<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Intervenor-Defendant. | Case No.: 3:18-cv-02458-BEN-BLM<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER** |

On December 24, 2019, Plaintiffs filed a motion for temporary restraining order, seeking to enjoin Defendants from enforcing Assembly Bill 5 ("AB-5") as to any motor carrier operating in California, pending this Court's resolution of Plaintiffs' motion for a preliminary injunction, which is set for hearing on January 13, 2020. Having considered the parties' arguments set forth in Plaintiffs' supporting papers, as well as Defendants' and

Intervenor-Defendant's opposition papers, the Court finds that Plaintiffs' requested temporary restraining order is warranted.[1]

As applied to the motor carrier context, AB-5, which takes effect on January 1, 2020, provides a mandatory test for determining whether a person driving or hauling freight for another contracting person or entity is an independent contractor or an employee for all purposes under the California Labor Code, the Industrial Welfare Commission wage orders, and the Unemployment Insurance Code. *See* Cal. Labor Code § 2750.3(a)(1). Under AB-5's test (the "ABC test"), an owner-operator is presumed to be an employee *unless* the motor carrier establishes each of three requirements:

(A) The person is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact.

(B) The person performs work that is outside the usual course of the hiring entity's business.

(C) The person is customarily engaged in an independently established trade, occupation, or business of the same nature as that involved in the work performed.

*Id.* In support of their motion, Plaintiffs argue that Prong B is both expressly and impliedly preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA").[2] The FAAAA prohibits any state from "enact[ing] or enforc[ing] a law, regulation, or other provision having the force and effect of law related to a price, route, or

---

[1] The Office of the Los Angeles City Attorney's motion for leave to file an amicus brief opposing Plaintiffs' motion for temporary restraining order is **DENIED**. Doc. 72.

[2] Plaintiffs also argue that AB-5 violates the Dormant Commerce Clause. For purposes of this motion, only, because the Court is persuaded by the likelihood of Plaintiffs' success on the FAAAA preemption ground, it declines to address Plaintiffs' alternative challenges to AB-5.

service of any motor carrier . . . with respect to the transportation of property." 49 U.S.C. § 14501(c)(1).

Pursuant to Federal Rule of Civil Procedure 65, the Court finds that a temporary restraining order is warranted. At this early stage of the proceedings and within the brief amount of time available, Plaintiffs have carried their burden for purposes of emergency relief to show (1) that they are likely to succeed on the merits, (2) likely to suffer irreparable harm in the absence of relief, (3) that the balance of equities tips in their favor, and (4) that their requested relief is in the public interest. *See Winter v. Natural Resource Defense Council*, 555 U.S. 7, 20 (2008).

Specifically, Plaintiffs have shown that AB-5's Prong B is likely preempted by the FAAAA because AB-5 effectively mandates that motor carriers treat owner-operators as employees, rather than as the independent contractors that they are. In other words, because contrary to Prong B, drivers perform work *within* "the usual course of the [motor carrier] hiring entity's business," drivers will never be considered independent contractors under California law. *See also Cal. Trucking Ass'n v. Su*, 903 F.3d 953, 964 (9th Cir. 2018) (recognizing that "*American Trucking* stands for the obvious proposition that an 'all or nothing' rule requiring services to be performed by certain types of employee drivers . . . was likely preempted.") (citing *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1053-56 (9th Cir. 2009)).

Further, Plaintiffs have established that imminent, irreparable harm is likely because without significantly transforming their operations to treat independent contracting drivers as employees for all specified purposes under California laws and regulations, they face the risk of governmental enforcement actions, as well as criminal and civil penalties. *See, e.g.*, Cal. Unemp. Ins. Code § 2117; Cal. Labor Code § 1199.5; Cal. Labor Code §§ 226.6 and 226.8. Moreover, the Court is persuaded that Plaintiffs have standing. To bring a claim in federal court requires that plaintiffs establish at an irreducible minimum an injury in fact; that is, there must be some threatened or actual injury resulting from the putatively illegal action. *Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 392-93 (1988)

(internal quotations and citations omitted). The requirement is met here as the law is aimed directly at Plaintiffs. If their interpretation of the statute is correct, Plaintiffs will have to risk criminal prosecution or take significant and costly compliance measures. The State has not suggested that the newly enacted law will not be enforced. Indeed, as recently as December 23, 2019, Defendants expressly declined to withhold enforcement of AB-5, even for a short time. Thus, Plaintiffs have alleged an actual and well-founded fear that the law will be enforced against them. This is sufficient for standing in a pre-enforcement challenge. *See id.*; *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 168 (2014) (Petitioners in pre-enforcement challenge demonstrated an injury in fact sufficient for Article III standing).

Finally, as to the remaining *Winter* factors, the Court finds the equities weigh in favor of granting the requested temporary restraining order and that it is in the public interest. That is particularly so given that AB-5 provides an alternative should the ABC test be struck down. *See* Cal. Labor Code § 2750.3(a)(3) (mandating that should the ABC test be struck down, the pre-AB-5 test will apply). The Court finds that Plaintiffs lack any other adequate legal remedy to preserve the status quo over the brief period of time before the Court can address their preliminary injunction motion. Accordingly, Plaintiffs' *ex parte* motion for a temporary restraining order is **GRANTED**. It is further **ORDERED**:

1. Defendant Xavier Becerra, in his official capacity as the Attorney General of the State of California, Julia A. Su, in her official capacity as the Secretary of the California Labor and Workforce Development Agency, Andre Schoorl, in his official capacity as the Acting Director of the Department of Industrial Relations of the State of California, Lilia Garcia Brower, in her official capacity as the Labor Commissioner of the State of California, and Patrick Henning, in his official capacity as Director of the California Employment Development Department are temporarily enjoined from enforcing Assembly Bill 5 ("AB-5") as to any motor carrier operating in California, pending this Court's resolution of Plaintiffs' motion for a preliminary injunction.

2. Because there is no realistic likelihood of harm to Defendants from

1  temporarily enjoining enforcement of AB-5, a security bond is not required.

3  **IT IS SO ORDERED.**

4  Date: December 31, 2019    _____
                              HON. ROGER T. BENITEZ
                              United States District Judge