UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA TRUCKING ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ATTORNEY GENERAL XAVIER BECERRA, et al.,<br><br>Defendants,<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Intervenor-Defendant. | Case No.: 3:18-cv-02458-BEN-BLM<br><br>**ORDER DENYING EX PARTE MOTION FOR STAY**<br>**[Doc. 103]** |

Intervenor-Defendant International Brotherhood of Teamsters moves *ex parte* to stay this Court's January 16, 2020 Order granting Plaintiffs' Motion for a Preliminary Injunction. Notably, the Attorney General has not sought a stay. To determine whether a stay is warranted, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 433 (2009). "Each factor, however, need not be given equal weight." *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 2018 WL 4928041, at *3 (S.D. Cal. Oct. 18, 2018) (citations omitted). Rather, "[t]he first two factors . . . are the

1

most critical." *Nken*, 556 U.S. at 434.

As to the first factor, Intervenor contends that because several lower courts have come to differing conclusions on the FAAAA preemption claim underlying the Court's injunction, the first factor weighs in Intervenor's favor. A difference of opinion, however, does not amount to the requisite "strong showing" that Intervenor "is likely to succeed on the merits." *Id.* at 433. Put another way, "[i]t is not enough that the chance of success on the merits be better than negligible." *Id.* at 444 (internal quotation marks and citations omitted). As discussed in its preliminary injunction order, the Court found Plaintiffs showed a likelihood of success on the merits. Intervenor offers no new evidence to support reconsideration of that conclusion. Accordingly, the first factor does not weigh in favor of a stay.

The second factor requires irreparable harm to the movant absent a stay. Intervenor contends this factor weighs in its favor because "the *State* would be prevented from enforcing its laws and addressing the widely recognized problem of misclassification of employees in the trucking industry . . ." Doc. 101-1 at 3 (emphasis added). As previously noted, however, it is not the State that moves for a stay; it is Intervenor. The Court is skeptical that Intervenor has standing to challenge a preliminary injunction order on the State's behalf due to the allegedly irreparable injury to the State. Regardless, even considering Intervenor's argument, the Court finds the second factor is not satisfied and does not weigh in Intervenor's favor. As the Court discussed in its preliminary injunction order, the prior classification standard under *Borello* remains in effect until a final decision on the merits. *See* Cal. Labor Code § 2750.3(a)(1)(3) ("If a court of law rules that the three-part [ABC] test . . . cannot be applied to a particular context . . . then the determination of employee or independent contractor status in that context shall instead by governed by [*Borello*]."). Thus, Intervenor does not show how the State's reversion back to its prior classification standard will result in irreparable injury to the State or Intervenor during the pendency of this action.

In support of the remaining two factors, Intervenor concludes without support that a

2

stay of the preliminary injunction will not injure any other parties, demonstrating the stay is in the "public interest." The Court disagrees. In granting Plaintiffs' motions for a temporary restraining order and a preliminary injunction, the Court found AB-5 provided to Plaintiffs an injurious Hobson's choice: either implementing significant costly compliance measures or risking criminal and civil prosecution. Intervenor does not point to any change in circumstances or new evidence to undermine that conclusion. Thus, the Court cannot find the remaining two factors tip the scales in favor of Intervenor's stay.

For the previous reasons, the *Nken* factors do not weigh in favor of granting a stay, and Intervenor's *ex parte* motion is **DENIED**.

**IT IS SO ORDERED.**

Date: February 20, 2020

HON. ROGER T. BENITEZ
United States District Judge