ROB BONTA
Attorney General of California
ANYA M. BINSACCA
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
State Bar No. 227108
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3879
 Fax:  (415) 703-1234
 E-mail:  Jose.ZelidonZepeda@doj.ca.gov
*Attorneys for Defendants Attorney General Rob Bonta, Director Katrina S. Hagen, Secretary Natalie Palugyai, Labor Commissioner Lilia García-Brower, and Director Nancy Farias, in their official capacities[1]*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA TRUCKING ASSOCIATION, ET AL.,**<br><br>Plaintiff,<br><br>v.<br><br>**ATTORNEY GENERAL ROB BONTA, ET AL.,**<br><br>Defendants. | 3:18-cv-02458-BEN-BLM<br><br>**STATE DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE BY OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION**<br><br>Date:         Not set<br>Time:        Not set<br>Courtroom: 5A, Fifth Floor<br>Judge:       The Honorable Roger T. Benitez<br>Trial Date: Not set<br>Action Filed: October 25, 2018 |

---

[1] Per Federal Rule of Civil Procedure 25(d)(1), these public officers are substituted as Defendants, in their official capacities.

**TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................... 1
BACKGROUND ..................................................................................................... 1
LEGAL STANDARD .............................................................................................. 2
ARGUMENT ........................................................................................................... 3
    I.    OOIDA's Motion to Intervene Should Be Denied as Untimely. ........... 3
    II.    Permissive Intervention Should Also Be Denied. ................................ 6
CONCLUSION ........................................................................................................ 7

i

State Defs.' Opp. OOIDA Mot. to Intervene (3:18-cv-02458-BEN-BLM)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Cal. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*
   309 F.3d 1113 (9th Cir. 2002) ................................................................... 3

*Donnelly v. Glickman*
   159 F.3d 405 (9th Cir. 1998) ..................................................................... 6

*Dynamex Operations West, Inc. v. Superior Court*
   4 Cal. 5th 903 (Cal. 2018) ......................................................................... 1

*Kalbers v. U.S. Dep't of Justice*
   22 F.4th 816 (9th Cir. 2021) ...................................................................... 3

*Kukui Gardens Corp. v. Holco Cap. Grp., Inc.*
   261 F.R.D. 523 (D. Haw. 2009) ............................................................ 4, 6

*League of United Latin Am. Citizens v. Wilson*
   131 F.3d 1297 (9th Cir. 1997) ......................................................... 4, 5, 6, 7

*Perry v. Proposition 8 Official Proponents*
   587 F.3d 947 (9th Cir. 2009) ............................................................. 2, 6, 7

*Prete v. Bradbury*
   438 F.3d 949 (9th Cir. 2006) ..................................................................... 7

*Smith v. Marsh*
   194 F.3d 1045 (9th Cir. 1999) ........................................................ 3, 4, 5, 6

*Spangler v. Pasadena City Bd. of Educ.*
   552 F.2d 1326 (9th Cir. 1977) ................................................................... 6

*U.S. v. Alisal Water Corp.*
   370 F.3d 915 (9th Cir. 2004) ..................................................................... 2

*Ward v. United Airlines*
   9 Cal. 5th 732 (Cal. 2020) ......................................................................... 5

ii

State Defs.' Opp. OOIDA Mot. to Intervene (3:18-cv-02458-BEN-BLM)

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**STATUTES**

United States Code, Title 49
   § 14501 ......................................................................................................... 1, 2, 4

**COURT RULES**

Federal Rules of Civil Procedure
   Rule 16............................................................................................................................4
   Rule 24(a)(2)..................................................................................................................6
   Rule 24(b)(1) .................................................................................................................2
   Rule 24(b)(3) .................................................................................................................7

iii

State Defs.' Opp. OOIDA Mot. to Intervene (3:18-cv-02458-BEN-BLM)

**INTRODUCTION**

In this case, Plaintiffs California Trucking Association, *et al.*, challenge Assembly Bill 5, which codifies the ABC test, as applied to the motor carrier industry. Plaintiffs sue Defendants Attorney General Rob Bonta, Department of Industrial Relations Director Katrina S. Hagen, Labor and Workforce Development Agency Secretary Natalie Palugyai, Labor Commissioner Lilia García-Brower, and Employment Development Department Director Nancy Farias, in their official capacities (the State Defendants). This action was originally filed on October 25, 2018, and has been stayed since March 2020, pending appellate review of the Court's order granting Plaintiffs' motion for a preliminary injunction.

On April 19, 2021, Owner-Operator Independent Drivers Association (OOIDA) filed their motion to intervene. OOIDA's motion came *two-and-a-half years* after this action was first filed, 27 months after State Defendants' initial motion to dismiss, 19 months after this Court's ruling on Defendants' motion to dismiss the first amendment complaint, 15 months after this Court issued a preliminary injunction, and 14 months after the State Defendants filed their answer to the second amended complaint. Accordingly, this intervention motion comes after Plaintiffs have filed three different versions of their complaint, the parties have engaged in extensive briefing on various substantive issues, including on Plaintiffs' motion for a preliminary injunction and multiple motions to dismiss, and the Court has ruled on several substantive motions. Because OOIDA cannot demonstrate that its motion is timely, and granting intervention at this late juncture would prejudice the orderly disposition of this case and needlessly complicate the issues, the State Defendants oppose the request.

**BACKGROUND**

Plaintiffs initiated this action on October 25, 2018, filing their initial complaint, which challenged the ABC test announced in the California Supreme Court's decision in *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th

1

903 (Cal. 2018). (ECF No. 1.) Plaintiffs alleged that the ABC test is preempted by the Federal Aviation Administration Authorization Act (FAAAA), 49 U.S.C. § 14501, and violates the dormant Commerce Clause. (*Id.* at 13-17.) On December 7, 2018, the International Brotherhood of Teamsters moved to intervene as defendants, and this Court granted the motion. (ECF No. 11; ECF No. 21.)

Subsequently, Plaintiffs amended their complaint, filing the operative Second Amended Complaint on November 12, 2019. (ECF No. 47.) Shortly afterwards, Plaintiffs also filed a motion for a preliminary injunction and an ex parte request for a temporary restraining order. (ECF No. 54; ECF No. 66.) While both motions were premised on the FAAAA and the dormant Commerce Clause claims, they focused primarily on the preemption claim. (ECF No. 54 at 12-27; ECF No. 66 at 9-12.) This Court ultimately granted Plaintiffs a temporary restraining order, and a preliminary injunction, based solely on their preemption claim under the FAAAA. (ECF No. 77; ECF No. 89 at 10 n.6.) On February 10, 2020, this Court also denied in part and granted in part the motions by Defendants to dismiss the SAC. (ECF No. 110.) Defendants filed their respective answers on February 24, 2020. (ECF No. 112 & 113.)

On April 19, 2021, OOIDA filed the instant motion for leave to intervene. (ECF No. 122.) OOIDA purportedly seeks to "represent the unique interests of the independent contractor truck drivers whose employment classification" is impacted by AB 5. (ECF No. 122-1 at 2.)

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 24, a party can move to intervene in a pending matter. To intervene as of right, a party must: (1) timely move to intervene; (2) have a "significantly protectable interest relating to the property or transaction that is the subject of the action;" (3) be so situated that the disposition of the action may impair or impede its ability to protect that interest; and (4) show that

2

its interest is not adequately represented by existing parties. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (citation omitted).

Permissive intervention may be allowed upon timely motion if the party is "given a conditional right to intervene by a federal statute," or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

"Failure to satisfy any one of the requirements is fatal to the application and [the Court] need not reach the remaining elements if one of the elements is not satisfied." *Perry*, 587 F.3d at 950. "The party seeking to intervene bears the burden of showing that *all* the requirements for intervention have been met." *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). And timeliness "is the threshold requirement for intervention." *Kalbers v. U.S. Dep't of Justice*, 22 F.4th 816, 822 (9th Cir. 2021) (citation omitted).

## ARGUMENT

### I. OOIDA's Motion to Intervene Should Be Denied as Untimely.

As noted above, timeliness is an indispensable threshold requirement for intervention. Here, OOIDA's motion, filed years after the action was brought and after numerous substantive proceedings on the legal claims at issue, does not meet this requirement.

The timeliness of an intervention motion hinges on three primary factors: (1) the stage of the proceedings at which intervention is sought; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *Kalbers*, 22 F.4th at 822. These factors are assessed "by reference to the 'crucial date' when 'proposed intervenors should have been aware that their interests would not be adequately protected by existing parties.'" *Id.* (citation omitted). "[S]ubstantial engagement by the district court with the issues in a case 'weighs heavily against allowing intervention as of right.'" *Smith v. Marsh*, 194 F.3d 1045, 1051 (9th Cir. 1999)

3

State Defs.' Opp. OOIDA Mot. to Intervene (3:18-cv-02458-BEN-BLM)

(*quoting League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997)).

Here, OOIDA seeks leave to intervene "to represent the unique interests of independent contractor truck drivers," and claims that "Plaintiffs do not adequately represent the distinct interstate commerce interests of OOIDA and its members." (ECF No. 122-1.)  The Court need not reach the issues of distinct interests and adequate representation because the motion is untimely.  A party seeking to intervene "must act as soon as he knows *or has reason to know* that his interests might be adversely affected by the outcome of the litigation." *Cal. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002) (citation omitted).  Here, however, the motion to intervene comes years after multiple iterations of the complaint put OOIDA on notice that Plaintiffs were purportedly not adequately representing its unique interests.

Even if the complaints themselves did not put OOIDA on notice, it is clear that substantial briefing to date going to the merits of the legal issues of Plaintiffs' claims should have done so.  This includes extensive briefing on Plaintiffs' motion for a preliminary injunction and ex parte request for a temporary restraining order, and on Defendants' multiple motions to dismiss iterations of the operative complaints.  This briefing addressed at length the FAAAA preemption and dormant Commerce Clause claims that OOIDA now seeks to bring through its own proposed complaint.  (*See* ECF No. 122-2 [Proposed Complaint for Declaratory and Injunctive Relief].)  Courts have denied intervention in similar circumstances.  *See Smith*, 194 F.3d at 1052-53 (affirming denial of motion to intervene as of right filed fifteen months after commencement of litigation in light of the fact that "many substantive and procedural issues had already been settled by the time of the intervention motion"); *League of United Latin Am. Citizens*, 131 F.3d at 1304; *see also Kukui Gardens Corp. v. Holco Cap. Grp., Inc.*, 261 F.R.D. 523, 529 (D. Haw.

4

State Defs.' Opp. OOIDA Mot. to Intervene (3:18-cv-02458-BEN-BLM)

2009) (denying intervention where parties had already litigated multiple motions to dismiss, held a Rule 16 conference, and filed answers).

OOIDA contends that it was only after reviewing Plaintiffs' "arguments before this Court and the Ninth Circuit that OOIDA has been able to discern that its interests will not be adequately represented by Plaintiffs." (ECF No. 122-1 at 13-14.) But Plaintiffs (and Defendants) presented their arguments in this Court years before the instant motion for intervention, including through briefs addressing a motion for a preliminary injunction, and motions to dismiss filed 16 months before intervention was sought. (ECF No. 54-58 [Mot. for Prelim. Inj. & Opps. thereto]; ECF No. 62 [Mot. to Dismiss SAC].) Indeed, OOIDA's motion for intervention focuses on arguments raised by Plaintiffs in support of their preliminary injunction motion, which was filed on December 2, 2019. (ECF No. 122-1 at 14.) But OOIDA does not explain why it did not seek intervention until more than 16 months later. *See League of United Latin Am., Citizens*, 131 F.3d at 1304 ("Even more damaging to [intervenor's] motion than the twenty-seven month delay itself, however, is its failure to adequately explain . . . the *reason* for its delay.").

OOIDA also contends that Plaintiffs' "approach to their dormant Commerce Clause claim takes on new significance to OOIDA in light of intervening California Supreme Court decisions that suggest that AB 5 could apply to independent owner-operators based throughout the nation," citing *Ward v. United Airlines*, 9 Cal. 5th 732 (Cal. 2020). (ECF No. 122-1 at 14.) But *Ward* did not materially change OOIDA's interests in this litigation because it was apparent even before that decision that AB 5 would impact drivers operating in California. (ECF No. 122-2 at 2 ¶¶ 5-6 [Proposed Complaint alleging that "on its face, the ABC test is not limited" to businesses based in California].) Moreover, even assuming the relevance of *Ward* to the claims here, that decision was issued on June 29, 2020, almost eleven months before OOIDA moved to intervene. *Smith*, 194 F.3d at 1052-53 (affirming denial of intervention where movants "offered no adequate

5

State Defs.' Opp. OOIDA Mot. to Intervene (3:18-cv-02458-BEN-BLM)

explanation for their failure to seek intervention at an earlier point in the proceedings."). OOIDA does not explain the reason for this lapse of time.

OOIDA contends that its motion is timely, arguing that this case has "not substantively progressed beyond the pleadings stage." (ECF No. 122-1 at 11.) The motion focuses on the fact that this case was stayed while the Ninth Circuit considered Defendants' appeal from this Court's preliminary injunction. (*Id.* at 12.) This argument is meritless. As the record shows, the parties and the Courts have engaged at length regarding the legal issues, including through substantial briefing on the request for a temporary restraining order, the motion for a preliminary injunction, and the motions to dismiss. Additionally, all parties filed their answers. Accordingly, OOIDA's intervention at this late juncture is likely to lead to complication of the procedural and substantive posture of this litigation.

In *League of United Latin American Citizens*, the putative intervenor focused on the fact that its request to intervene was denied when the case was "in the pretrial stages," and that no trial date had been set. 131 F.3d at 1303. However, the Ninth Circuit noted that at the time of the intervention motion, the complaints had been filed, the trial court had issued a temporary restraining order and, subsequently, a preliminary injunction. Additionally, the defendants had filed a motion to dismiss, which the district court had ruled on, among other steps. *Id.* The Ninth Circuit concluded that "the fact that the district court has substantively—and substantially—engaged in the issues in this case weighs heavily against allowing intervention as of right under Rule 24(a)(2)." *Id.*; *see also Smith*, 194 F.3d at 1051. This case is in a similar posture and the same considerations militate against allowing intervention here.

Additionally, the motion to intervene should be denied because it would cause undue prejudice to the parties. As the Ninth Circuit has noted in a similar context, an intervenor's "admission as a party will have the inevitable effect of prolonging the litigation to some degree." *League of United Latin Am. Citizens*, 131 F.3d at

6

State Defs.' Opp. OOIDA Mot. to Intervene (3:18-cv-02458-BEN-BLM)

1304.  Like OOIDA, the proposed intervenor there waited over two years "before seeking to interject itself into the case."  *Id.*; *Kukui Gardens Corp.*, 261 F.R.D. at 530 (concluding that granting intervention would prejudice the parties because it would introduce new issues that could potentially prolong the litigation).  Here, at a minimum, OOIDA's proposed complaint is likely to require additional briefing.

## II.   PERMISSIVE INTERVENTION SHOULD ALSO BE DENIED.

Courts also have discretion to deny permissive intervention for reasons similar to those applicable to a motion for intervention as of right.  *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).  Permissive intervention may be granted only where an applicant shows "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common."  *Perry*, 587 F.3d at 955 (citation omitted).  If these requirements are met, the court may consider other factors, "including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties.'"  *Id.* (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).  Rule 24(b)(3) also requires that the court "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3); *Perry*, 587 F.3d at 955.

As argued above, OOIDA has not established the threshold timeliness requirement.  Moreover, intervention will unnecessarily complicate and protract this litigation.  *See, e.g.*, *Perry*, 587 F.3d at 955 (finding intervention unnecessary since "each group would need to conduct discovery on substantially similar issues").  Further, OOIDA has not established that its interests are not adequately represented.  (ECF No. 122-1 at 18-20.)  Although OOIDA cites some disagreement with Plaintiffs' litigation strategy, its interests are ultimately the same as those of Plaintiffs—namely, to prevail on its legal challenges.  Plaintiffs have already moved for preliminary injunctive relief, and opposed dismissal of their

7

State Defs.' Opp. OOIDA Mot. to Intervene (3:18-cv-02458-BEN-BLM)

claims. *Prete v. Bradbury*, 438 F.3d 949, 957 (9th Cir. 2006) ("[W]hen an intended intervenor and a party in the action seek the same ultimate objective, a presumption arises that the intervenor's interests are adequately presented"); *see also League of United Latin Am. Citizens*, 131 F.3d at 1305-06.

## CONCLUSION

For these reasons, the State Defendants request that the Court deny OOIDA's motion for intervention as of right and permissive intervention.

Dated: September 16, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
ANYA M. BINSACCA
Supervising Deputy Attorney General

/s/ *Jose A. Zelidon-Zepeda*
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
*Attorneys for Defendants Attorney General Rob Bonta, Director Katrina S. Hagen, Secretary Natalie Palugyai, Labor Commissioner Lilia Garcia-Brower, and Director Nancy Farias, in their official capacities*

SA2018103422
43338296.docx

8

State Defs.' Opp. OOIDA Mot. to Intervene (3:18-cv-02458-BEN-BLM)

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **California Trucking Association, et al. v. Xavier Becerra, et al.** | No. | **3:18-cv-02458-BEN-BLM** |

I hereby certify that on <u>September 16, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## STATE DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE BY OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 16, 2022</u>, at San Francisco, California.

| R. Caoile | */s/ R. Caoile* |
|---|---|
| Declarant | Signature |

SA2018103422
43401694.docx